Kenneth Wayne SWONKE et ux., Appellants,

v.

HILDEBRANDT ENGINEERING COMPANY, Inc., et al., Appellees.

No. 4343.

Court of Civil Appeals of Texas.

Waco.

March 25, 1965.

Rehearing Denied April 15, 1965.

Joseph D. Jamail, John Gano, Houston, for appellants.

Baker, Botts, Shepherd & Coates, Paul W. Persons, Houston, for appellees.

WILSON, Justice.

In this rear-end automobile collision case judgment was rendered for defendant on jury findings that plaintiff's negligence in making a sudden stop at a railroad crossing and in failing to keep a proper lookout proximately caused the collision.

Plaintiff's grounds for reversal are that she was compelled by law to stop, and therefore as a matter of law her stopping could not constitute negligence; and the finding on proper lookout is without adequate support in the evidence. We affirm.

Plaintiff's narrative of the event was that she approached a street, on which were railroad tracks, at a speed of 30–35 miles per hour. When she was one-half block from the intersection she saw a moving switch engine on the track to her right one-half block away. She began to decrease speed and gradually stopped about one-half car length from the intersection. The locomotive continued to move, she said, until it stopped about one-half car length from the street on which she was traveling. She had been stopped about five or ten seconds when her car was struck in the rear by defendants' vehicle.

Defendants' driver testified, on the other hand, that he was following about four car-lengths behind plaintiff; that she made a very sudden stop; that the locomotive was not in motion, and never moved at any time; that the locomotive was 70–100 feet from the intersection; that he saw it when he was 150–200 feet from the crossing. He also testified by deposition that the locomotive was about 35 feet from the intersection, and that "a person might reasonably believe that this engine could come across"; that the switch engine "sits on that track quite often at that same spot."

A passenger in plaintiff's car, who we will assume was disinterested, testified that when plaintiff was about one-half block or a block away the locomotive was coming very slowly from the right at a distance of half a block, "and he was dinging his little bell". Plaintiff made a gradual stop, she said.

Plaintiff argues that the jury findings that her act of stopping suddenly was negligence proximately causing the collision will not support the judgment because Art. 6701d, Sec. 86, Vernon's Ann.Civ.Stat. created a legal compulsion to stop, and she therefore breached no legal duty by doing so.

That statute, as material here, requires a motorist approaching a railroad crossing to stop not less than 15 feet from the nearest rail when (a) a "clearly visible electric or mechanical signal device gives warning of the immediate approach of a train"; (c) a railroad engine "approaching within approximately fifteen hundred (1500) feet of the highway crossing emits a signal audible from such distance and such engine by rea-

son of its speed or nearness to such crossing is an immediate hazard"; (d) an "approaching train is plainly visible and is in hazardous proximity to such crossing."

 Before plaintiff's absolute and unconditional duty to stop is fixed as a matter of law under subdivisions (c) and (d) it must be conclusively established that the engine is "approaching." Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 935. In order to sustain plaintiff's position it would be necessary, therefore, to hold that the undisputed evidence established as a matter of law at least that the locomotive was actually "approaching". Concerning the question no issue was submitted. It is obvious the question is not conclusively established, and the evidence made an issue of fact as to whether the engine was "approaching" as that term is used in subdivisions (c) and (d) of Sec. 86. Plaintiff swore it was moving toward her; defendant testified it was stopped.

Subdivision (a) of Sec. 86 relates to "visible"—not audible—warning devices, and is not applicable to the locomotive bell. "Audible" signals are dealt with in subdivision (c). Under the latter subdivision the tests for determining whether the motorist's duty to stop is absolute is whether the conditions there enumerated are shown to exist. These are: (1) the engine must be "approaching" (2) within approximately 1500 feet of the crossing, (3) emitting an audible signal, and (4) the engine, by reason of its speed and proximity must be an immediate hazard. Under subdivision (d) of Sec. 86 the essential conditions are (1) the engine must be "approaching," (2) be plainly visible and (3) be in hazardous proximity. Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 935.

It may not be said, therefore, that plaintiff was under an absolute duty to stop. The question of whether the making of a sudden stop was negligence was a question of fact for the jury; and the evidence adequately supports the finding.

Appellant insists also that her lookout was exemplary and the findings that she failed to keep a proper lookout are without evidentiary support and are contrary to the overwhelming preponderance of the evidence. In addition to defendant's evidence of the suddenness of plaintiff's stop, there was evidence that plaintiff admitted she had been "driving down the street and talking, and all of a sudden someone said about a train, and she slammed on the brakes in all the hurry and confusion, and then this happened"; that she was conversing with passengers, one of whom said, "There is a train!" and she "slammed on her brakes." This, and circumstances in the record require that the points be overruled. Affirmed.